991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alfred D. ROBINSON, Plaintiff-Appellant,
v.
RAILSPLITTER MOTOR SALES COMPANY, INCORPORATED, Defendant-Appellee.
 No. 92-3145.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1993.
Decided April 19, 1993.
 
 1
 Before FLAUM, and KANNE, Circuit Judges, and REAVLEY, Senior Circuit Judge*.
 
 Order
 
 2
 Plaintiff Robinson appeals the summary judgment granted to defendant Railsplitter Motor Sales Company, Inc. We affirm.
 
 I. Background
 
 3
 Robinson complains of discrimination treatment in employment because of age. But this case does not fit the usual mold. Robinson owned 25% of the stock in defendant corporation, the corporate stock being otherwise owned by the Taylor family. Two of the next generation of the Taylors, a son and a daughter, were active employees of the car dealership which the corporation owned. Robinson was general manager and had been assured by William H. Taylor (the senior family member) that he, Robinson, was "family" too and had his position for life. Robinson, however, had announced his intention to leave the position within five years.
 
 
 4
 William Taylor did not wait for Robinson to leave. He developed private concerns about Robinson's outside activities and confronted Robinson with the request that stock be sold back to the Taylors and that Robinson leave the corporation and dealership. Robinson agreed to the termination of the relationship and sold the stock as requested. The parting was amicable. But then Robinson filed this lawsuit.
 
 II. Discussion
 
 5
 Based on the depositions of the parties, the affidavits and memorandum, the record demonstrates no factual basis for the claim of age discrimination. Age was clearly unrelated to the exit of Robinson from his corporation and its dealership. The son of William Taylor may have assumed some of Robinson's duties and, ultimately, his job title, but it was the father-son relation, alone, and not the younger age that was significant.
 
 
 6
 Assuming that Robinson could construct a prima facie case, he has not otherwise raised an issue in support of his claim that his age motivated his exit from the defendant and that the reason given for Taylor's decision was pretext to conceal that age motivation. Robinson argues that fact finders could find that Taylor's concerns were unjustified. That could well be, and yet there is no reason shown for the court to believe that Taylor was thinking of Robinson's age rather than the Taylor family.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation